UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 5:24-cr-00029

GROVER D. JORDAN

**ORDER**

On May 7, 2024, came the Defendant, Grover D. Jordan, in person and by counsel, Kristopher Faerber, and also came the United States by Brian D. Parsons, Assistant United States Attorney, for the purpose of the Defendant's entry of a plea of guilty to Count One of the Indictment. [Doc. 1]. Count One charges the Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). [*Id*.]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on May 7, 2024. [Doc. 33]. Magistrate Judge Aboulhosn recommended the Court conditionally accept the Defendant's plea of guilty.

The Court need not review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis

added)). Failure to file timely objections constitutes a waiver of *de novo* review and the parties' right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require *de novo* review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on May 24, 2024. [Doc. 33]. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R[1] [Doc. 33] and **DEFERS** acceptance of the Plea Agreement pending the opportunity to review the Defendant's Presentence Investigation Report. The Court **ADJUDGES** the Defendant guilty, and the Defendant is deemed convicted of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The Court incorporates all dates and case events as provided in the PF&R.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to the Defendant and their counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

ENTER:     May 30, 2024

Frank W. Volk
United States District Judge

---

[1] On page 3 of the PF&R, Magistrate Judge Aboulhosn provides the possible statutory maximum sentence that could be imposed upon Mr. Jordan for a conviction or adjudication of guilty on "Count Three." However, inasmuch as Mr. Jordan pled to Count One of the Indictment, the Court notes that this should be Count One.